**KENTUCKY BAR ASSOCIATION,**
Complainant,

v.

**Neil A. BANKS, Respondent.**

**Nos. 92–SC–961–KB, 92–SC–1031–KB.**

Supreme Court of Kentucky.

Feb. 18, 1993.

---

1. The complaint against Pat Douglas Davis was not filed by the Circuit Judge herein.

## OPINION AND ORDER

Neil A. Banks of Louisville, is the subject of six separate disciplinary cases. Five of the cases were consolidated before the Board of Governors of the Kentucky Bar Association, and the sixth case was heard by the Board of Governors separately. Five of the six cases arise out of a situation where individual clients retained Banks for the purposes of private adoptions.

In the first five cases, the Board of Governors found Banks guilty of all counts, 15–0. There were 11 votes for disbarment, 2 votes for a five-year suspension, 1 vote for a two-year suspension, and 1 vote for a one-year suspension. In the sixth case, the Board of Governors voted 13–0 to find Banks guilty of all counts and the vote was 13–0 for disbarment.

Banks was admitted to the practice of law in Kentucky on September 1, 1973. His prior discipline consisted of a public reprimand on May 4, 1989; a private admonition on November 8, 1989, and an order of temporary suspension in connection with the current cases issued on September 24, 1992.

In the first case, No. 2894, Banks was charged with three counts of violation of the Kentucky Rules of Professional Conduct. Rule 1.15(a) requires a lawyer to hold the property of the client separate and apart from funds of the attorney. Rule 1.15(c) creates the duty to keep separate the property in which both the attorney and client claim an interest until the matter is resolved. Rule 1.16(d) compels a lawyer to return, upon termination, any unearned part of the fee. The client retained Banks to arrange a private adoption in August of 1990, and transferred $2,500 to him as a retainer. In July 1991, the client inquired as to the lack of progress in the adoption. In November 1991, the client wrote to Banks and terminated the representation and requested a refund. Banks admitted by letter that he could not return any unused portion of the fee because he had no money due to personal and family problems. We find this to be a violation of the Rules of Professional Conduct.

In Case No. 2844, Banks is charged with four counts of violation of the Kentucky Rules of Professional Conduct as follows: 1.15(a), 1.15(b), 1.15(c) and 1.16(d). Rule 1.15(b) is the requirement to notify third parties/clients who have an interest in property and to promptly transfer such funds. In September of 1989, the client and his wife retained Banks for $2,500 for a private adoption. After the passage of a considerable amount of time, the client found a baby in California through another attorney, and in June 1991, wrote to Banks requesting a refund and terminating the representation. Banks did not return the funds and the clients filed a complaint with the KBA. We find Banks guilty of a violation.

In Case No. 2657, Banks is charged with four counts of violating the Kentucky Rules of Professional Conduct as follows: 1.15(a), 1.15(c) and 1.7(b), which is concerned with a conflict of interest through representation of parties and 1.8(a) which limits an attorney's business relationships with clients. In this matter, Banks represented both the adoptive parents and the grandmother who was handling the placement of the grandchild. Banks charged a $1,000 fee for holding the child in a neutral site pending placement after birth. He also received a retainer and $5,000 for paying hospital bills. The bills were not paid and resulted in the garnishment of the funds of the client. We find Banks guilty of a violation.

In Case No. 2829, Banks is charged with two counts of violation of the Kentucky

Rules of Professional Conduct: 1.3 which requires an attorney to diligently represent his client, and 1.16(d). The client employed Banks for eviction proceedings and a writ of forcible detainer. The work was not done and the retainer fee was not refunded. We find Banks guilty of a violation of the code of conduct.

In case No. 2934, Banks is charged with four counts of violation of the Kentucky Rules of Professional Conduct as follows: 1.7, 1.15(a), 1.15(b) and 1.15(c). Banks was retained for a private adoption and was paid a fee of $2,500. In April of 1990, he requested an additional $750. He was also representing both the adoptive as well as the placement parents. The adoption was not completed and Banks indicated that he would apply the fee to a second attempt which also failed. In May, 1991, the adoptive parents requested a refund of their money, but they did not receive any refund. Again, Banks claimed personal and family financial problems. We find Banks guilty of all charges.

In Case No. 3046, Banks is charged with five counts, to-wit: failing to keep clients' money in a separate account and failing to produce any records of the account funds; failing to take steps to protect a client's interest upon termination of the representation, and to promptly refund unused escrow funds; engaging in conduct involving dishonesty, fraud, deceit or misrepresentation, having a conflict of interest, and failing to respond to a lawful demand for information from the disciplinary authority investigator. In August of 1990, Banks was paid $2,500 as a retainer for an adoption. After several weeks passed with no apparent progress, the clients contacted a California lawyer directly regarding the adoption and paid him an additional $1,100. In March 1991, the clients located a birth mother in Kentucky on their own. Banks told the clients that he would need an additional $6,400 for the birth mother's medical and hospital bills before he could proceed. The clients gave Banks the $6,400. The birth mother was represented by Banks also. Shortly before the birth of the child in April 1991, Banks requested an additional $2,500 to complete the adoption which

the clients paid although they had never been advised there would be an additional fee when they originally employed Banks.

Shortly after the completion of the adoption, the clients requested an itemized statement from Banks. He provided the statement which showed that the medical and hospital expenses were $4,271.15 as distinguished from the $6,400 he had received from the clients. Banks offered to mail the clients a check for the difference. After repeated requests, this money was finally returned to the clients. It was only after contact from a collection agency that the client discovered Banks had not paid the hospital expenses. On May 13, 1992, the investigation of charges filed by the clients was referred to the Louisville Bar Association committee, but the attempts to obtain cooperation from Banks were ignored. We find that Banks is guilty of a violation of the Professional Code of Conduct.

IT IS ORDERED that Neil A. Banks be, and he is hereby disbarred from the practice of law in the Commonwealth of Kentucky.

Banks is ordered to notify all courts in which he has matters pending, all clients for whom he is actively involved in litigation, and similar legal matters, of his inability to continue to represent them and of the necessity and urgency of promptly retaining new counsel. Such notification shall be by letter duly placed in the United States mail within 10 days of the date of this order, and Banks shall simultaneously provide a copy of all such letters to the Director of the Kentucky Bar Association. Banks is ordered to pay the costs of this proceeding.

■ Banks may seek reinstatement only under the provisions of SCR 3.520. The period of time during which Banks was temporarily suspended from the practice of law shall be credited against the minimum waiting period required by SCR 3.520 for the filing of any application for reinstatement.

This order shall constitute a public record.

All concur, except LEIBSON, J., not sitting.

ENTERED: February 18, 1993.

/s/ Robert F. Stephens
Chief Justice